UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAUL R. TWARDOWSKI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:19-CV-03305 SEP |
| | ) |
| WILLIAM E. HASKINS | ) |
| | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Haskins's Motion to Dismiss. Doc. [3]. Though styled as a motion to dismiss, Haskins's Motion argues for remand of the case to state court. Accordingly, the Court will construe Haskins's Motion as a Motion to Remand. *See BBCA, Inc. v. United States*, 954 F.2d 1429, 1431-32 (8th Cir. 1992) ("the substance of a motion rather than the form of a motion is controlling"). For the reasons discussed below, the Motion to Remand is **GRANTED**.

I. **BACKGROUND**

On October 21, 2019, Plaintiff Paul R. Twardowski ("Twardowski" or "Plaintiff"), a Missouri resident, filed a Petition alleging negligence against Defendant William E. Haskins ("Haskins" or "Defendant"), a North Carolina resident, in the 23rd Judicial Circuit of the State of Missouri. Doc. [2]. Twardowski's complaint arose from an incident that took place on October 22, 2016, near Greensboro, North Carolina. Doc. [2], ¶ 3; Doc. [5], ¶ 2. Twardowski alleges

that he was injured when Haskins's vehicle "ran off the road and violently collided with [him]." Doc. [2], ¶ 8.

Plaintiff Twardowski filed a Notice of Removal in this Court on December 20, 2019. Doc. [1]. Defendant Haskins then filed a Motion to Dismiss the case on December 26, 2019, in which he argued that "the case should be dismissed for lack of eligibility to file a removal pursuant to 28 U.S.C. § 1441." Doc. [3] ¶ 10. Haskins also argued that the case should be dismissed for improper venue under Federal Rule of Civil Procedure 12(b)(3). Twardowski filed his Response to Haskins's Motion on January 9, 2020. Doc. [5].

## II. DISCUSSION

### A. Removal

"The right of removal is statutory and the party seeking removal must show that he comes within the provisions of the statute." *Crosby v. Paul Hardeman, Inc.*, 414 F.2d 1, 3 (8th Cir. 1969); *see also Adrian v. Manna Ministry Center*, No. 12–4055–KES, 2012 WL 3127970, at *1 (D.S.D. July 31, 2012) ("The right to remove a case from a state court to a federal court is purely statutory."). The federal removal statute, 28 U.S.C. § 1441, unambiguously provides the right of removal only to defendants:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed *by the defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a) (emphasis added); *see also* 28 U.S.C. § 1446(a) ("A defendant or defendants desiring to remove any civil action from a State court shall file . . .").

Case law confirms the plain meaning of the statutory text. *See, e.g.*, *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1749, *reh'g denied*, 140 S. Ct. 17 (2019) ("Section 1441(a), by contrast, limits removal to 'the defendant or the defendants' in a 'civil action' over which the district courts have original jurisdiction."); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104 (1941) (recounting, in reference to a predecessor statute, the history of the textual limitation of the removal power to defendants); *Chicago, R.I. & P.R. Co. v. Stude*, 204 F.2d 116, 120 (8th Cir. 1953), *aff'd*, 346 U.S. 574 (1954) ("Under the present removal statute, 28 U.S.C.A. § 1441(a) … only a defendant has that right"); *see also Manna Ministry Center*, 2012 WL 3127970, at *1 ("the plain language of the statute demonstrates that a plaintiff may not remove his own commenced state court action to federal court").

In response to Haskins's Motion, Twardowski cites no case in which a plaintiff has been permitted to remove a lawsuit under 28 U.S.C. § 1441. Nor does he argue that he qualifies as a "defendant" under the statute. Accordingly, Twardowski may not remove this lawsuit to federal court under 28 U.S.C. § 1441 .

Because removal is improper, the Court takes no position on the parties' arguments regarding original jurisdiction and venue. *See Chicago, R.I. & P.R. Co.*, 204 F.2d at 122 ("The question of whether the Rock Island could have initiated the proceedings in the United States District Court is not before us for the simple reason that it did not do so and hence the propriety of such action is not presented.").

**B.** **Attorney's Fees**

Haskins has requested an award of attorney's fees. In cases of improper removal, district courts may award attorney's fees under 28 U.S.C. § 1447(c) "only where the removing party

lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). To determine whether removal was objectively reasonable, "'the court must consider the objective merits of removal at the time of removal, irrespective of the ultimate remand.'" *Convent Corp. v. City of North Little Rock*, 784 F.3d 479, 483 (8th Cir. 2015) (quoting *Diaz v. Cameron Cnty. Tex.*, 300 Fed.Appx. 280, 281 (5th Cir. 2008) (per curiam)).

Here, Twardowski "lacked an objectively reasonable basis for seeking removal." *Martin*, 546 U.S. at 141. The plain text of the applicable statute limits the right of removal to defendants, and case law unanimously affirms that clear rule.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant William Haskins's Motion to Remand (Doc. [3]) is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the 23rd Judicial Circuit Court of the State of Missouri for further proceedings.

**IT IS FURTHER ORDERED** that Plaintiff will be ordered to pay the attorney's fees reasonably and necessarily incurred by Defendant as a result of Plaintiff's removal, and that Defendant shall file a statement of attorney's fees within TEN (10) days of the date of this Order.

**IT IS FINALLY ORDERED** that Defendant's Motion for Hearing (Doc. [4]) is **DENIED** as moot.

Dated this 13th day of February, 2020.

/s/ Sarah E. Pitlyk
_____
Sarah E. Pitlyk
United States District Judge